# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| **BRYANT EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. _____** |
| **The UNITED STATES of AMERICA** | ) | |
| **Through the DEPARTMENT OF** | ) | |
| **DEFENSE through the WOMACK** | ) | |
| **ARMY MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes and appears **BRYANT EDWARDS,** who is of lawful age of majority, domiciled in Fayetteville, NC, who by and through the undersigned counsel state the following:

1. Plaintiff Dr. Bryant Edwards brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

2. Plaintiff has exhausted his administrative remedies by filing the required SF-95 form with the Fort Bragg Claims Center on May 1, 2019 and received a denial on June 4, 2019. See Ex. A (Denial Letter); Ex B (Administrative Complaint).

### INTRODUCTION

3. This action seeks damages for Dr. Bryant Edwards, a 44-year old board-certified, active-duty anesthesiologist, who unbeknownst to him, had a large arachnoid cyst on his spinal

-1-

cord that was compressing his spine.  On or about May of 2017, Dr. Edwards was suffering from severe back pain and visited a Chiropractor, Dr. McBain at Womack Amy Medical Center.  Following the visit, an MRI of his back and spine was ordered by Dr. Andrew Feldman, after he consulted with Dr. McBain.  However, when Dr. Edwards attempted to schedule the MRI he was told that special permission was needed from the chief of the radiology department.  When Dr. Edwards questioned the need for special permission, he was told that since he was a Dr. he could afford to pay for the MRI out of pocket.  While hesitant to pay for the MRI cost, Dr. Edwards enduring weeks of additional pain, paid for the MRI.  The large arachnoid cyst was found as a result of the MRI that Dr. Edwards paid for.  It was not until Dr. Edwards got Patient Advocacy involved that he was finally able to undergo spinal surgery on or about July 7, 2017 to remove the cyst.  Dr. Edwards suffers from severe motor and sensory deficits in his right lower extremity because of the delay in care.  The conduct of employees of and/or contractors of the Department of Defense ("DOD") directly led to Dr. Edwards pain and suffering.  These employees and agents of the United States were acting within the scope of their federal employment at the times of the acts complained of wherein, were negligent, and would be liable to the Plaintiff under the doctrine of Respondeat Superior under Federal and North Carolina State law.

**JURISDICTION AND VENUE**

4.  Pursuant to 28 U.S.C. §1346(b), Federal Tort Claims Act 28 U.S.C. §§2674, 2671, et.seq.; and Federal Question jurisdiction 28 U.S.C. § 1331, this Honorable Court has jurisdiction over this claim against the United States for money damages resulting from the Defendant, DOD's, gross negligence at Womack Army Medical Center, located on Fort Bragg, NC.

5.  The Defendant is liable under Federal and North Carolina law.

-2-

6. Venue is proper with this Honorable Court as the tort complained of and damages suffered all occurred within the territorial boundaries of this district.

7. Furthermore, as various North Carolina state law claims are related to, arise out of and form a part of the same case or controversy, Plaintiff further asserts any and all claims under North Carolina State law over which this Honorable Court has supplemental jurisdiction under 28 U.S.C. § 1367, including N.C. Gen. Stat. §28A-18-2.

8. Plaintiff complied with all jurisdictional prerequisites to initiate suite before this Honorable Court.

## PARTIES

9. The Plaintiff resides at 1846 Bryn Mawr Dr, Fayetteville, NC 28304.

10. Made Defendants herein are:

A. **UNITED STATES OF AMERICA ("USA"), a sovereign government amenable to suit through and with respect to claims against the DEPARTMENT OF DEFENSE through WOMACK ARMY MEDICAL CENTER** who has designated as it's registered agent for service of process service and service can be effectuated pursuant to F.R.C.P. 4(i), by serving the following via certified or registered mail:

I. U.S. Attorney for the Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601

II. Honorable Dr. Mark T. Esper
Department of Defense, Office of the Secretary
1000 Defense Pentagon
Washington, DC 20301

III. Department of Defense through Womack Army Medical Center, through the Office of the Judge Advocate General,
Acting Chief, Tort Claims Division: Deborah T. Haffey
4411 Llewellyn Ave. Suite 5360
Fort George G. Meade, Maryland 20755-5125

-3-

## ALLEGATIONS

11. The Plaintiff realleges and incorporates herein all of the relevant and consistent allegations in the foregoing paragraphs as fully as if repeated herein.

12. On or around May of 2017, Dr. Edwards sought out treatment for constant back pain, including chiropractic at Womack Army Medical Center's pain clinic.

13. The Chiropractor at Womack Army Medical Center's pain clinic noticed that Dr. Edwards was getting weaker and losing muscle mass in his right lower extremity.

14. The Chiropractor ordered and MRI of Dr. Edwards spine and right hip.

15. Dr. Edwards was told that he could not schedule the MRI without special permission from the chief of the radiology department, Colonel Ashley.

16. Dr. Edwards was told that "you're a Doctor, and if you want an MRI you can pay for one out of pocket downtown".

17. Out of fear for his health and frustration, Dr. Edwards paid the out of pocket expense of about $1300 to have an MRI done.

18. On June 9, 2017 the MRI found the arachnoid cyst that was compressing Dr. Edward's spine.

19. Two days after the MRI, Dr. Edwards was unable to get out of bed without the assistance of a walker.

20. Dr. Edwards sought care at Womack Army Medical Center's ED for his pain, and a triage nurse asked him, "well what do you want us to do about it"?.

21. Dr. Edwards sought assistance from Patient Advocacy, and he was finally scheduled for surgery in July of 2017.

-4-

22. By the time surgery was scheduled, Dr. Edwards suffered from severe motor and sensory deficits in his right lower extremity because of the delayed care.

23. Dr. Edwards suffers from depression, chronic pain and side effects related to the high doses of an antidepressant used for neuropathic pain. Dr. Edwards nerves in his lower extremities are still abnormal and continue to get worse and it could take years for him to fully recover.

<u>**CAUSE OF ACTION**</u>
<u>**NEGLIGENCE-MEDICAL MALPRACTICE**</u>

24. The Plaintiff realleges and incorporates herein by reference all of the relevant and consistent allegations in the foregoing paragraphs as fully as if repeated herein.

25. On or about May of 2017, Defendant DOD, through the staff at Womack Army Medical Center, breached the applicable standard of medical care owed to Plaintiff, Dr. Edwards, which directly caused a physical injury to the Plaintiff and was the direct and proximate cause of all of the Plaintiff's injuries and damages.

26. The actions or omissions by federal employees described herein constitute the tort of negligence under the laws of the State of North Carolina.

27. At all times relevant hereto, a healthcare provider-patient relationship existed between Plaintiff Dr. Edwards and the medical personnel at Womack Army Medical Center. Womack Army Medical Center is a "healthcare provider" within the definition and meaning contained in N.C. Gen. Stat. § 90-21.11. As such, the medical staff at Womack Army Medical Center had a legal duty to provide Dr. Edwards medical care, treatment and services in a professional, competent, timely and quality manner in accordance with the standard of practice among members of the same or similar communities under the same or similar circumstances, at the time of the acts complained of herein.

28. That during all times alleged herein that the Plaintiff was receiving medical care and treatment from Defendant DOD, through the medical staff at Womack Army Medical Center as they were acting within the scope of their employment.

29. Under the Federal Tort Claims Act, liability for these acts or omissions is imputed onto Defendant, DOD through the doctrine of *respondeat superior.*

<u>**RULE 9(j) AND CONSTITUTIONAL OBJECTION**</u>

30. Plaintiff adopts and incorporates herein by reference all previous allegations of this Complaint.

31. Plaintiff objects to the pre-filing requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure.  Rule 9(j) effectively requires plaintiffs to prove their case before factual discovery even begun, denies medical malpractice plaintiffs their rights of due process of law and equal protection under the law, the right to open courts, and the right to a jury trial, violates the separation of powers, and confers an exclusive emolument on health care providers, in violation of the United States and North Carolina constitutions.  Rule 9(j) violates the Seventh and Fourteenth Amendments of the United States Constitution, and Article I, sections 6, 18, 19, 25 and 32 and Article Iv, sections 1 and 13 of the North Carolina Constitution.

<u>**OTHER CONSTITUTIONAL OBJECTIONS**</u>

32.  Plaintiff adopts and incorporates herein by reference all previous allegations of this Complaint.

33. Plaintiff objects to N.C.G.S. § 90-21.19 ("the cap on noneconomic damages") as unconstitutional.  The cap on noneconomic damages denies medical malpractice plaintiffs, including plaintiffs in this action, the right to a jury trial, due process of law, equal

-6-

protection under the law, and the right to open courts, violates the separation of powers, and confers an exclusive emolument on health care providers, in violation of the United States and North Carolina constitutions. The cap on noneconomic damages violates the Seventh and Fourteenth Amendments of the United States Constitution and Article 1, sections 6, 18, 19, 25, and 32 and Article IV, sections 1 and 13 of the North Carolina Constitution. **Without waiving said objection, Plaintiff contends that Defendant's acts and omissions as described herein were committed with reckless disregard for the rights and safety of Dr. Bryant Edwards, causing injury, reducing his chance of a better medical result, and increasing the risk of an unfavorable outcome, thereby satisfying the statutory requirements of § 90-21.19.**

### DAMAGES

34. The Plaintiff, as a result of the gross negligence and carelessness of the Defendant, itemizes his damages ad follows:

35. As a direct and proximate result of the Defendant's conduct, the Plaintiff is entitled to recover from the Defendant reasonable compensatory damages in an amount in excess of $10,000,000.00 to be determined by a fair and impartial jury for all damages Plaintiff suffered, including physical, emotional and economic injuries.

    I.     Lost wages and/or loss of earning capacity (past, present, and future);

    II.    Medical expenses (past, present, and future);

    III.   Physical pain and suffering (past, present, and future);

    IV.   Loss of consortium (past, present, and future);

    V.    Mental suffering and anguish (past, present, and future);

    VI.   Inconvenience (past, present, and future);

VII.  Loss of enjoyment of life (past, present, and future).

WHEREFORE, Plaintiff prays judgement of the Court as follows:

a)  That Plaintiff have and recover judgement of Defendant for Negligence/Medical

Malpractice;

b)  Compensatory damages in an amount in excess of $10,000,000.00 to be determined by a

fair and impartial jury;

c)  All costs of this action;

d)  That the costs of this action be taxed against and to the Defendant;

e)  That Plaintiff be awarded prejudgment interest on all damages as permitted by law;

f)  That Plaintiff be granted a trial by jury on all issues so triable; and

g)  That Plaintiff be granted such other relief as the Court deems just and proper.

This 4th day of December, 2019.

s/Martha A. Geer
Martha A. Geer, N.C. Bar No. 13972
Arthur Stock, N.C. Bar No. 17613
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
martha@gregcolemanlaw.com
arthur@gregcolemanlaw.com
**Local Rule 83.1(d) Counsel for Plaintiff**

Natalie Khawam, Esq., MBA, MS
WHISTLEBLOWER LAW FIRM, PA
400 N. Tampa Street
Suite 1015
Tampa, Florida 33602
T: 813-944-7853/813-625-2820

*Attorneys for Plaintiff*

-8-